**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE: AMERICAN MEDICAL SYSTEMS, INC.
PELVIC REPAIR SYSTEMS
PRODUCT LIABILITY LITIGATION MDL No. 2325

-----------------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER # 70**
(Plaintiffs' Motion to Compel Defendants to Produce Documents and Deposition Dates for Clinical, Regulatory and Research and Development Witnesses and for Compliance with PTO # 54)

Pending before the court is Plaintiffs' Motion to Compel. (ECF No. 701). Defendants filed a responsive brief, (ECF No. 713), and the court conducted a hearing on June 19, 2013. After considering the arguments of the parties, the Court **GRANTS** Plaintiffs' motion and **ORDERS** as follows:

1. Defendants shall continue to abide by the time frames and production requirements set forth in PTO #54.

2. In regard to the depositions of former employees of American Medical Systems, Inc. ("AMS"), the parties shall make a good faith attempt to arrange a convenient date for each employee. If a convenient date cannot be promptly arranged, Plaintiffs shall subpoena the employee pursuant to Federal Rule of Civil Procedure 45. Specifically, in the case of Larry Getlin, Mona Inman, Susan Knox, Diane Sahr, Jing Li, Jean Wood, Ross Longhini, Karen Montpetit, Steven Wolf, Jim Cox, and Eric Barnum,

Plaintiffs may proceed to serve subpoenas on these employees if the last proposed dates provided by AMS to Plaintiffs are not convenient. **On or before June, 24, 2013**, AMS shall supply Plaintiffs' counsel with the most recent information available to AMS regarding the current location and contact information of each former employee whose deposition has been requested, but has not been scheduled.

3. To the extent that the deposition of an employee or former employee is scheduled, and AMS has not produced the custodial file in a timely manner, Plaintiffs are granted leave to take a second deposition of the employee after production of the custodial file. When taking the second deposition, Plaintiffs shall make a good faith effort to avoid duplicate examination. If the parties disagree as to whether the custodial file was produced in a timely manner, they shall promptly notify the undersigned United States Magistrate Judge of their disagreement.

4. The parties shall meet and confer regarding an agreed limitation on the number of depositions permitted to be taken by each side in this MDL. If the parties agree, AMS shall withdraw its cross-motion for protective order, and the parties will file a stipulation confirming the terms of the agreement. If the parties cannot agree, Plaintiffs shall file a response to the cross-motion for protective order **on or before July 8, 2013**. Defendants may reply **on or before July 15, 2013**.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2325 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-14792. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or

transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at **http://www.wvsd.uscourts.gov**.

**ENTERED:** June 19, 2013.

Cheryl A. Eifert
United States Magistrate Judge